UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

       Plaintiff,
vs.

PNS STORES, INC.
d/b/a Big Lots #4225

       Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant PNS Stores, Inc. ("Defendant") doing business as Big Lots #4225 for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

1

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant PNS Stores, Inc. is a foreign for-profit corporation authorized to transact business in Florida. On information and belief, PNS Stores, Inc. is a wholly owned subsidiary of Big Lots, Inc., which is a NYSE publicly traded company on the S&P 600 retailer component. The parent company is an American retail company headquartered in Columbus, Ohio with over 1,400 Big Lot branded stores located in 47 of the 50 states

6. Defendant is also the owner of real property identified as folio 01-4109-039-0270 located at 2100 SW 27 Avenue, Miami, Florida 33145. This real property is built out as a big box store which houses a Big Lots brand store, specifically the Big Lots #4225 retail store, which is the subject of this action.

**FACTS**

7. Big Lots branded stores (which includes Big Lots #4225) sell grocery items, general dry goods, furniture, patio and garden items, and seasonal specialized merchandise. The Big Lots brand stores started by purchasing closeout merchandise in bulk and reselling to the general public. All Big Lots retail stores (including Big Lots #4225) are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). The Big Lots #4225 located at 2100 SW 27 Avenue which is the subject of this complaint is also

referenced as "Big Lots #4225," "Big Lots #4225 retail store," "retail store," or "place of public accommodation."

8. As the operator of retail stores which are open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the Big Lots #4225 retail store, on July 6, 2021 Plaintiff went to the store with the intent of purchasing grocery items.

10. While Plaintiff was shopping, he went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access.

11. On information and belief, Defendant is well aware of the ADA and the need to provide for equal access in all areas of its Big Lots branded retail stores. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Big Lots #4225 retail store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

12. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. Plaintiff continues to desire to patronize the Big Lots retail store located at 2100 SW 27 Avenue, but continues to be injured in that he continues to be discriminated

against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

14. Any and all requisite notice has been provided.

15. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

16. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

17. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

18. Prior to the filing of this lawsuit, Plaintiff personally visited the Big Lots #4225 retail store at 2100 SW 27 Avenue, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

19. Defendant, the operator of Big Lots #4225 located at 2100 SW 27 Avenue and the owner of the real property wherein the Big Lots store is operated has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its Big Lots retail store in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

20. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Big Lots #4225 retail store.

21. Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

22. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

23. The commercial space which houses the Big Lots #4225 retail store is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, Defendant is discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. Plaintiff had difficulty using the men's restroom due to difficulty in opening the bathroom door, as it does not have the required maneuvering clearance on the pull side of the door due to the placement of the water fountain which encroaches on the required maneuvering clearance on the pull side of the door. This is a violation of violation of Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards for Accessible Design and of section 28 CFR 36.211.

ii. Plaintiff's entry into the restroom was also impeded by fact that the force required to open the restroom door was excessive. This is in violation of Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards for Accessible Design. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum for interior doors (such as restroom doors).

iii. Plaintiff could not use the toilet without assistance, as the toilet is mounted in a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 mm) from the secondary side wall (to the center of the toilet).

iv. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards for

        Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

v. Plaintiff was further precluded from transferring to the toilet without assistance, as the side wall grab bar does not have the required clearance as the seat cover dispenser is mounted at an incorrect height and over the side wall grab bar which infringes on the required space. This is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

vi. Additionally, precluding Plaintiff's transfer to the toilet was the fact that the rear wall grab bar does not have the required clearance. The fact that the paper towel dispenser is mounted over the rear wall grab bar impinges on the clearance is a violation of not providing the required space. Section 609.3 of the 2010 ADA Standards for Accessible Design.

vii. Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can). The fact that the trash bin is encroaching over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

viii. Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

ix. Plaintiff had difficulty opening the door to the bathroom stall to exit, as the lavatory inside the stall is encroaching the maneuvering clearance on the door. This is a

violation of section 4.13.6 of the ADAAG, section 404.2.4 of the 2010 ADA Standards for Accessible Design and section 28 CFR 36.211.

24.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendant is required to make the Big Lots #4225 retail store commercial space accessible to persons with disabilities since January 28, 1992. Defendant failed to comply with this mandate.

25.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the retail store located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant PNS Stores, Inc. (owner of the real property and operator of the Big Lots #4225 retail store) and requests the following relief:

   a)   The Court declare that Defendant has violated the ADA;

   b)   The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

   c)   The Court enter an Order requiring Defendant to alter the commercial property and Big Lots #4225 retail store such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

   d)   The Court award reasonable costs and attorneys fees; and

   e)   The Court award any and all other relief that may be necessary and appropriate.

Dated this 19th day of July 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*